**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **JOSHUA WILSON**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SLYDES CARWASH LLC**,<br><br>Defendant. | No. 4:26-CV-00218-O |

# PLAINTIFF'S MOTION FOR CLARIFICATION OF ORDER REQUIRING SCHEDULING CONFERENCE AND REPORT

Plaintiff Joshua Wilson respectfully moves for clarification of the Court's August 24, 2026 Order Requiring Scheduling Conference and Report for Contents of Scheduling Order (ECF No. 9). Plaintiff seeks clarification because Defendant Slydes Carwash LLC is a limited liability company that presently has no licensed counsel of record, while the Court's Order requires the parties to confer concerning substantive case-management matters by September 7, 2026.

Plaintiff does not seek reconsideration of the Court's Order or relief from the scheduling process. Rather, Plaintiff seeks guidance concerning how he should comply with the Order while Defendant remains an artificial entity without licensed counsel authorized to represent it in this action.

On May 7, 2026, Defendant, acting through Moe Fawaz, filed a Motion for Appointment of Counsel and a Request for Extension. ECF Nos. 7–8. No licensed attorney has subsequently appeared on behalf of Defendant. The docket presently identifies Slydes Carwash LLC as proceeding "PRO SE" through Mr. Fawaz.

On August 24, 2026, the Court entered its Order requiring that "[l]ead counsel for each party and any unrepresented party shall confer as soon as practicable, but in any event no later than September 7, 2026," and requiring a Joint Report by September 21, 2026. ECF No. 9.

Plaintiff respectfully requests clarification because Slydes Carwash LLC, unlike a natural person, cannot appear or participate in this action *pro se* through a nonlawyer representative. The Fifth Circuit has long held that "a corporation as a fictional legal person can only be represented by licensed counsel." *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1981). That rule applies even where the individual seeking to act for the entity is its president and principal stockholder. *Id.*; *see also Southwest Express Co., Inc. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55–56 (5th Cir. 1982) (explaining that a corporation cannot appear through its nonlawyer president because the corporation and its president are distinct legal persons); *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam).

That creates a practical issue under the Court's Order. The required scheduling conference necessarily calls upon the parties to take legal and litigation positions on behalf of the parties concerning, among other things, discovery, deadlines, motions, class-certification proceedings, and the contents of a proposed scheduling order. Plaintiff is concerned that conducting that conference with Mr. Fawaz as though he were authorized to speak and negotiate on behalf of Slydes would effectively treat a nonlawyer as Defendant's legal representative in this litigation. Accordingly, Plaintiff respectfully requests that the Court clarify its August 24, 2026 Order and either:

1. direct Slydes Carwash LLC to obtain licensed counsel before the parties are required to conduct the scheduling conference, with the September 7 and September 21 deadlines stayed or extended as necessary; or
2. clarify what steps Plaintiff should take to comply with the scheduling-conference and Joint Report requirements while Defendant remains without counsel.

Plaintiff will promptly comply with whatever procedure the Court directs.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Civil Rule 7.1, undersigned counsel certifies that a conference concerning the relief requested in this Motion was not possible. Defendant Slydes Carwash LLC presently has no licensed counsel of record. Although the docket identifies Defendant as proceeding "PRO SE" through Moe Fawaz, Defendant is a limited liability company and cannot appear in this action through a nonlawyer representative. Because the issue presented by this Motion is whether and how Plaintiff may appropriately confer with Defendant while it remains without licensed counsel, Plaintiff did not attempt to confer with Mr. Fawaz regarding the substantive relief requested herein. Accordingly, pursuant to Local Civil Rule 7.1(b)(3), Plaintiff understands that the Motion will be presumed opposed.

Dated: September 1, 2026

Respectfully submitted,

By: */s/ Cassandra P. Miller*

Cassandra P. Miller
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
cmiller@straussborrelli.com

Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln St., Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

*Counsel for Plaintiff Joshua Wilson*