**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JOSHUA WILSON** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-CV-00218-O** |
| | § | |
| **SLYDES CARWASH LLC** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER**

Before the Court is Plaintiff's Motion for Clarification of Order Requiring Scheduling Conference and Report. ECF No. 10. Plaintiff seeks clarification on how to fulfill the requirements of the scheduling order while Defendant, Slydes Carwash LLC, remains unrepresented. ECF No. 10, 1–3.

Parties may plead and conduct their own cases personally or by counsel. 28 U.S.C. § 1654. However, Defendant is an artificial entity, specifically a limited liability company. The Supreme Court has interpreted 28 U.S.C. § 1654 to say that artificial entities such as LLCs may appear in federal court only through licensed counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). Therefore, Moe Fawaz may not represent Slydes Carwash LLC pro-se.

The Court reviewed Defendant's Motion for the Appointment of Counsel, ECF No. 7. The Motion is **DENIED**. Slydes Carwash LLC must obtain counsel to comply with the scheduling order and file a responsive pleading on behalf of Slydes Carwash LLC.

The Court also reviewed Defendant's Request for Extension. ECF No. 8. The Motion is **GRANTED**. Defendant is granted thirty (30) days to find counsel and file an Answer to Plaintiff's

Complaint by **October 2, 2026**. Failure to file an answer provides Plaintiff with grounds to move for a default judgment.

The Court extends the deadline set in the Scheduling Order. ECF No. 9. The deadline for the parties to meet is extended until **October 14, 2026** and the deadline for the Joint Report is **October 28, 2026**.

**SO ORDERED** on this **September 2, 2026.**

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE